IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MARK ANTHONY BELL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Case No. 1:06-cr-484
Civil Case No. 1:16-cv-885

## Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Mark Anthony Bell's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On May 29, 2007, Petitioner pleaded guilty to conspiracy to distribute 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On October 12, 2007, this Court sentenced Petitioner to a 151 month term of imprisonment followed by 5 years of supervised release. On March 23, 2015, after Congress had approved Amendment 782 to the United States Sentencing Guidelines, Petitioner requested and received a 30 month reduction to his sentence.

On July 11, 2016, Petitioner filed the instant § 2255 motion, which is his second motion under § 2255. On October 23, 2008, Petitioner filed his first § 2255 motion. In his first

§ 2255 motion, Petitioner argued that he was denied effective assistance of counsel for multiple reasons. After considering the motion on the merits, the Court denied Petitioner the requested relief on February 5, 2009. Accordingly, the instant § 2255 motion is a successive motion. The Government responded to the instant § 2255 motion on September 6, 2016. Thus, the matter is now ripe for resolution.

Under 28 U.S.C. § 2255, a person may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The party seeking relief bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

A petitioner is limited to filing one § 2255 motion unless he obtains certification from the appropriate court of appeals. See Castro v. United States, 540 U.S. 375, 380 (2003). A district court lacks jurisdiction to hear a second or successive § 2255 motion if the petitioner has not received certification from the court of appeals. 28 U.S.C. § 2255(h); see also United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the

absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). A § 2255 motion is second or successive if a previous § 2255 motion has been decided on the merits. <u>Harvey v. Horan</u>, 278 F.3d 370, 380 (4th Cir.2002).

Here, Petitioner's instant motion is a second § 2255 motion, and there is no evidence to suggest that Petitioner received certification from the United States Court of Appeals for the Fourth Circuit to file it. Without certification to file a second or successive motion, § 2255(h) compels the Court to deny Petitioner's second § 2255 motion. Petitioner's first § 2255 motion was decided on the merits, and he is barred from filing a second motion without pre-filing authorization from the Fourth Circuit.

Even if Petitioner had obtained certification to file another § 2255 motion, however, Petitioner has not made an effective argument for relief on the merits. To obtain relief on a certified second or successive § 2255 motion, the Petitioner's argument must rely on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. Petitioner does not allege that any newly discovered evidence has surfaced to prove his innocence, and he is not claiming to be innocent of the drug charges to

which he pleaded guilty. Likewise, Petitioner does not allege that a new rule of constitutional law entitles him to relief.

Thus, Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 23, 2017